IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNN WHITMEYER,<br><br>      Plaintiff,<br>vs.<br><br>R & O CONSTRUCTION, INC., DALE CAMPBELL an individual, MIKE HOLLAND, an individual,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:11-CV-00125 DN<br><br>District Judge David Nuffer |

Defendant R & O Construction Inc. ("R & O") filed a Motion[1] for Partial Summary Judgment on the first, second, and third causes of action presented in Plaintiff Lynn Whitmeyer's amended complaint.[2] These claims are all brought under the Americans with Disabilities Act ("ADA").[3] After having carefully reviewed the pleadings and memoranda submitted[4] by the parties, the relevant legal authority, and counsel's arguments, the court grants summary judgment in R & O's favor on these three claims.

---

[1] Motion for Partial Summary Judgment and Supporting Memorandum (Motion for Partial Summary Judgment), docket no. 36, filed December 28, 2012. This motion is docketed as having been filed on behalf of all defendants, but the text of the motion makes clear it is filed on behalf of R & O only.

[2] First Amended Complaint for Sexual Harassment and Discrimination (First Amended Complaint), docket no. 3, filed August 17, 2011. These three claims were made as to R & O Construction only.

[3] *Id*. The Third Cause of Action, Constructive Discharge, was made under the ADA and Title VII. This order only decides summary judgment as to the portion of this claim made under the ADA.

[4] Motion for Partial Summary Judgment; Memorandum In Opposition to Partial Summary Judgment, docket no. 42, filed January 28, 2013; Reply Memorandum in Support of Motion for Partial Summary Judgment, docket no. 43, filed February 11, 2013.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-movant.[6] A disputed fact is material only if it might affect the outcome of the suit in light of the substantive law.[7] The party opposing summary judgment bears the burden of presenting evidence that a disputed issue of material fact exists.[8] More specifically, the opposing party must present evidence sufficient to support every essential element of the claims on which it bears the burden of proof.[9]

## Undisputed Material Facts[10]

1. Whitmeyer was "hired by defendant R & O Construction, Inc. ("R & O") on or about July 9, 1990."[11]

2. "During the times relevant to [Whitmeyer's] complaint, [Whitmeyer] held the title of 'Estimator' at R & O."[12] Whitmeyer was employed in this position until March 3, 2010.[13]

3. Whitmeyer "claims R & O failed to accommodate her kidney stone condition because R & O consistently assigned more work to [Whitmeyer] and refused to give her a

---

[5] Fed. R. Civ. P. 56(a).

[6] *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

[7] *Id.*

[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[10] These facts are taken from the Motion for Partial Summary Judgment and are only included when admitted in the Memorandum In Opposition to Partial Summary Judgment.

[11] Motion for Partial Summary Judgment at 4.

[12] Id.

[13] *Id.*; Memorandum In Opposition to Partial Summary Judgment at 4.

flexible schedule or reduce her workload."[14]

4. Whitmeyer "also alleges that R & O subjected her to a hostile work environment as a result of her 'disability.'"[15]

5. Whitmeyer claims "that she was 'constructively discharged' in violation of the ADA because the discrimination she endured as a result of her 'disability' created work conditions so intolerable that she had no option other than to resign."[16]

6. Whitmeyer "described her general health prior to November 200[7] as 'excellent.' However, in November 200[7] she began experiencing kidney stones, mental health issues, osteoporosis, and shingles."[17]

7. Whitmeyer informed her supervisor, Frank McDonough, in November or December of 200[7] of her kidney stones.[18] Whitmeyer asked McDonough to reduce her workload, but did not ask McDonough for any other accommodations.[19]

8. After speaking with McDonough, Whitmeyer then informed Slade Opheikens, (another R & O manager) of her kidney stones and again requested a more flexible schedule and a reduced work load, but did not ask Slade Opheikens for any other accommodations for her kidney stones.[20]

9. Whitmeyer asserts that R&O was aware of her health conditions, including kidney

---

[14] Motion for Partial Summary Judgment at 4.

[15] *Id*.

[16] *Id*. at 5.

[17] *Id.* (citing Whitmeyer Dep. 28: 4-6, 16-25; 29: 1-25 attached as Exhibit B to Motion for Partial Summary Judgment, docket no. 36-3); *See* Amendment to Whitmeyer Dep., attached as Exhibit B to Memorandum in Opposition to Partial Summary Judgment, docket no. 42-3 (stating that conversation and diagnosis occurred in 2007- not 2008).

[18] Motion for Partial Summary Judgment at 5. *See* Amendment to Whitmeyer Dep., docket no. 42-3 (stating that conversation and diagnosis occurred in 2007- not 2008).

[19] Motion for Partial Summary Judgment at 5 (citing Whitmeyer Dep. 32:3-8, 33:23-25, 34:1-7).

[20] *Id.*at 5-6 (citing Whitmeyer Dep. 35: 11-25, 37: 4-8, 38: 5-9).

stones, but "continued 'to bring her work' and pressured her to 'make money' for the company."[21]

10. Whitmeyer "never provided any medical records to R & O regarding her kidney stones."[22]

12. "If she was ill, [Whitmeyer] would take time off. [Whitmeyer] would email her assistant, Kimberly, who would then inform Frank McDonough that [Whitmeyer] was taking time off."[23]

13. Whitmeyer's healthcare provider Dr. Stout indicated that R & O should "allow [Whitmeyer] to drink fluids and use the restroom, and . . . short term leave in the event she experiences severe pain while passing a kidney stone."[24]

14. Following a meeting on March 3, 2010, Whitmeyer felt pressured to discuss the details of her kidney stone condition with a number of her supervisors and coworkers.[25]

15. Whitmeyer "tendered her resignation on multiple occasions because R&O had failed to reduce her workload."[26]

16. Whitmeyer's resignation became final on March 3, 2010.[27]

---

[21] *Id.* at 6 (citing Whitmeyer Dep. 23: 11-17, 24: 5, 25: 1-18).

[22] *Id.* (citing Whitmeyer Dep. 34: 8-11, 54: 14-18).

[23] *Id.* (citing Whitmeyer Dep. 27: 19-20).

[24] *Id.* at 7 (citing Stout Dep. 31:1-25, 32:1-9, attached as Exhibit C to Motion for Partial Summary Judgment, docket no. 36-4).

[25] *Id.* 6-7 (citing Whitmeyer Dep. 63:14-19, 88:4-25, 89:1-20).

[26] *Id.* at 12 (citing Whitmeyer Dep. 88:4-25).

[27] *Id.* at 13 (citing Whitmeyer Dep. 63:14-19, 88:4-25, 89:1-20).

**Discussion**

The ADA is a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."[28] Courts interpreting the ADA apply an analysis that is substantially similar to the analysis used in Title VII cases.[29] Under the ADA an employer may not "discriminate against a qualified individual on the basis of disability."[30] To establish a prima facie case of disability discrimination under the ADA the plaintiff must meet three criteria.[31] Whitmeyer "must demonstrate that [s]he (1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability."[32] Thus, as a threshold matter, any plaintiff asserting a claim under the ADA must establish that he or she is a "qualified individual with a disability."[33] R & O submits that Whitmeyer does not qualify as individual with a disability[34] while Whitmeyer argues she does.[35]

A person is "disabled" under the ADA if he or she has "a physical or mental impairment that substantially limits one or more major life activities."[36] There is little case law addressing whether kidney stones are a "disability" under the ADA. One court has declined to find chronic

---

[28] 42 U.S.C. § 12101(b) (1) (2010).

[29] *Bristol v. Bd. of Cnty. Comm'rs*, 281 F.3d 1148, 1164 (10th Cir. 2002) (vacated in part on other grounds by *Bristol v. Bd. of Cnty. Comm'rs* 312 F.3d 1213 (10th Cir. 2002) (en banc)).

[30] 42 U.S.C. § 12112 (2010).

[31] *E.E.O.C. v. C.R. England, Inc.,* 644 F.3d 1028, 1038-39 (10th 2011).

[32] *Id*.

[33] 42 U.S.C. § 12112(a); *Steele v. Thiokol Corp*., 241 F.3d 1248, 1253 (10th 2001).

[34] Motion for Partial Summary Judgment at 20.

[35] Memorandum In Opposition to Partial Summary Judgment at 36.

[36] 42 U.S.C. § 12102(1) (A) (2010).

kidney stones[37] to be a disability while another court has found kidney stones meet a "minimal threshold"[38] to plausibly state that the plaintiff had a disability under the ADA to satisfy Rule 12(b)(6). Whitmeyer argues that kidney stones are a disability under 42 U.S.C. § 12102(2) which substantially limits her major life activities of sleeping, walking, sitting, and standing.[39] R & O does not concede this point, but argues that Whitmeyer's reasonable accommodation claim fails because there is no evidence to show "a plausibly reasonable accommodation that was not provided."[40] This order acknowledges the arguments from Whitmeyer and R & O, but does not decide whether kidney stones are a "disability" under the ADA. For the purposes of this motion, the following analysis assumes that her kidney stones are a disability.

A person with a disability must be "qualified" to perform the essential functions of the job.[41] "[Whitmeyer] bears the burden of demonstrating that she is able perform the essential functions of her job, with or without reasonable accommodation."[42] Whitmeyer had been a capable employee for R&O since 1990 and has often been assigned a heavy work load.[43] Therefore, she has shown that she was qualified employee to perform the essential functions of her job as an estimator. The question is now whether there is sufficient evidence for Whitmeyer's three claims to survive summary judgment.

---

[37] *Baulos v. Roadway Exp., Inc.*, 139 F.3d 1147 (7th Cir. 1998).

[38] *Esparza v. Pierre Foods*, 923 F. Supp. 2d 1099, 1106 (S.D. Ohio 2013); *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249 (4th Cir. 2006) (finding renal failure to be a disability under the ADA).

[39] Memorandum In Opposition to Partial Summary Judgment at 36.

[40] Reply Memorandum in Support of Motion for Partial Summary Judgment at 2.

[41] *C.R. England, Inc.*, 644 F.3d at 1038-39.

[42] *Hennagir v. Utah Dept. of Corrs.*, 587 F.3d 1255, 1261 (10th Cir. 2009).

[43] First Amended Complaint at 2.

**Failure to Accommodate under the ADA**

Whitmeyer's first claim against R & O is for failure to accommodate under the ADA.[44] Whitmeyer argues that as a result of her kidney stones she was no longer able to perform the functions of her job and that she needed reasonable accommodations of "flexibility in her schedule" and a reduced work load.[45] R & O contends that the accommodations Whitmeyer requested are not reasonable and that she has not identified any other reasonable accommodations which were not provided.[46] Whitmeyer "carries the burden of demonstrating the existence of a facially reasonable accommodation."[47]

On two occasions Whitmeyer asked her managers, Slade Opheikens and Frank McDonough, for a flexible schedule and a reduced work load for an indefinite period of time.[48] "Our precedents recognize that a brief leave of absence for medical treatment or recovery can be a reasonable accommodation."[49] However, for such an accommodation to be reasonable Whitmeyer "must provide an estimated date when she can resume her essential duties"[50] and assure R & O that she can perform the essential functions of her position in the "near future."[51] Whitmeyer did not ask for a specific duration of time off or assure R & O that she would be able to perform all the functions of her job in the near future. Although reasonable accommodations may include "job restructuring, part-time or modified work schedules,"[52] "a regular and reliable

---

[44] First Amended Complaint at 10.

[45] Memorandum In Opposition to Partial Summary Judgment at 37-38.

[46] Motion for Partial Summary Judgment at 21, 24.

[47] *Hennagir*, 587 F.3d at 1264.

[48] Motion for Partial Summary Judgment at 5-6; *see also* Whitmeyer Dep. 32:3-8, 33:23-25, 34:1-7; 35: 11-25, 37: 4-8, 38: 5-9.

[49] *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1217-18 (10th Cir. 2012).

[50] *Id*.

[51] *Id*. (citing *Cisneros v. Wilson*, 226 F.3d 1113, 1130 (10th Cir.2000)).

[52] *Hennagir,* 587 F.3d at 1264.

level of attendance is a necessary element of most jobs."[53] Whitmeyer's request for flexibility for an indefinite period of time does not guarantee a regular or reliable level of attendance to complete the essential functions of her job as an estimator.

Whitmeyer's request for reduced work load was unreasonable. Under the ADA "an employer is not required to accommodate a disabled worker by modifying or eliminating essential function of the job."[54] Moreover, the ADA "does not require employers to reallocate essential employee duties."[55] Whitmeyer's request was unreasonable as it would shift her work onto other employees for an indefinite period of time.

R & O provided Whitmeyer with the reasonable accommodations recommended by her physician by allowing her to drink fluids, use the bathroom, and take short-term leave when she was passing a stone."[56] Whitmeyer's requested accommodations of reduced work load and flexibility were not reasonable accommodations, and not required of R & O. Therefore, summary judgment is warranted.

## Hostile Work Environment in Violation of the ADA

Whitmeyer's second claim is for a hostile work environment in violation of the ADA.[57] R & O argues that the Tenth Circuit has not recognized a cognizable claim for hostile work environment based on violations of the ADA and even if the court did recognize such a claim there is no evidence to establish such a claim.[58] Whitmeyer argues in response that her heavy workload and a meeting with R & O management are instances of discrimination establishing her

---

[53] *Tyndall v. Nat'l Educ. Ctrs., Inc.*, 31 F.3d 209, 213 (4th Cir. 1994).

[54] *Hennagir,* 587 F.3d at 1264.

[55] *Valdez v. McGill*, 462 Fed. App'x 814, 818 (10th Cir. 2012).

[56] Motion for Partial Summary Judgment at 6-7; *see also* Stout Dep. 31:1-25, 32:1-9.

[57] First Amended Complaint at 11-12.

[58] Motion for Partial Summary Judgment at 27-28 (citing *Steele,* 241 F.3d at 1252).

claim. Whitmeyer also asserts that in *Lanman v. Johnson County,* the Tenth Circuit recognized a claim for hostile work environment under the ADA.[59]

*Lanman* held that the ADA encompasses a hostile work environment claim because the ADA has the same statutory language as used in Title VII which provides for a hostile work environment claim.[60] The Tenth Circuit explained that the Supreme Court in *Meritor Savings Bank v. Vinson*[61] previously held that a hostile work environment claim is actionable under the ADA and that "[t]he parallel purposes and remedial structures of the two statutes also support a consistent interpretation."[62] Subsequent cases follow *Lanman's* holding.[63] *Lanman* is sound, thus, "a hostile work environment claim is actionable under the ADA" in the Tenth Circuit.[64]

To survive summary judgment, Whitmeyer must show "that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[65] Factors to consider are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[66] Such discrimination must also be both "objectively and subjectively hostile"[67] to a reasonable

---

[59] Memorandum In Opposition to Partial Summary Judgment at 40 (*citing Lanman v. Johnson Cnty.,* 393 F.3d 1151, 1156 (10th Cir. 2004).

[60] *Lanman*, 393 F.3d at 1155.

[61] 477 U.S. 57, 64 (1986).

[62] *Id*.

[63] *Otero v. New Mexico Corr. Dep't*, 640 F. Supp. 2d 1346, 1357 (D.N.M. 2009); *Collier v. Utah Transit Auth*., No. 1:11-cv-00163, 2012 WL 3686002 (D. Utah Apr. 20, 2012).

[64] *Lanman,* 393 F.3d at 1156.

[65] *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir.1998) (*quoting Davis v. U.S. Postal Serv.*, 142 F. 3d 1334, 1241 (10th Cir. 1998)).

[66] *Harris v. Forklift Sys., Inc*., 510 U.S. 17, 23, (1993).

[67] *Penry*, 155 F.3d at 1261.

person and be based on "her disability" to sustain such a claim.[68]

The incidents alleged by Whitmeyer are not frequent, severe, humiliating, or threatening enough to establish a hostile a work environment. The evidence proffered by Whitmeyer shows she endured a heavy workload and "felt pressured" to discuss her health issues with her coworkers and R & O management.[69] Such evidence is not frequent, severe, or humiliating, enough to be both objectively and subjectively abusive to a reasonable person. This evidence shows a concern about and an attempt to accommodate her condition, but not that she was subject to unlawful discrimination. Summary judgment is granted as to this claim.

## Constructive Discharge in Violation of the ADA

Whitmeyer "alleges that she was 'constructively discharged' in violation of the ADA."[70] R & O contends that such a claim must fail because Whitmeyer's working conditions were not objectively intolerable, and that there is not sufficient evidence of intolerable conditions relating to Whitmeyer's kidney stones.[71] Whitmeyer argues that there are sufficient facts that would cause a reasonable person in her position to feel forced to resign.[72]

A constructive discharge occurs only "when an employer, through unlawful acts, makes working conditions so intolerable that a reasonable person in the employee's position would feel forced to resign."[73] "The bar is quite high in constructive discharge cases."[74] Courts are to apply an "objective test under which neither the employee's subjective views of the situation, nor

---

[68] *Peru v. T-Mobile USA, Inc.*, 897 F.Supp.2d 1078, 1091 (D. Colo. 2012).

[69] Motion for Partial Summary Judgment at 7 (citing Whitmeyer Dep. 63:14-19, 88:4-25, 89:1-20).

[70] *Id.* at 5.

[71] *Id.* at 29-30.

[72] Memorandum In Opposition to Partial Summary Judgment at 41-42.

[73] *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980 (10th Cir. 2008) (quoting *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004)).

[74] *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002).

her employer's subjective intent with regard to discharging her, are relevant."[75] "[P]resenting evidence that working conditions were difficult or unpleasant is not enough" to establish such a claim.[76]

Whitmeyer's claims regarding working conditions at R & O are insufficient to establish a constructive discharge. Whitmeyer alleges "that she was consistently assigned additional and burdensome work requiring her to put in highly excessive hours"[77] and that "she felt pressured to details of her kidney stone condition"[78] with her managers and coworkers. Whitmeyer attempted to resign on three different occasions, but continued working when her resignation was not accepted.[79] Such evidence does not show that Whitmeyer was threatened or discriminated against as a result of her condition.[80] Nor does it indicate that her working conditions were so objectively intolerable that a reasonable person would feel forced to resign. An isolated incident with her managers and coworkers[81] and unpleasant and difficult workload[82] are not enough to support a constructive discharge claim. Therefore, summary judgment is appropriate.

---

[75] *Tran v. Trustees of State Colleges*, 355 F.3d 1263, 1270 (10th Cir. 2004).

[76] *Mitchell v. Zia Park, LLC,* 842 F.Supp.2d 1316, 1321 (D.N.M. 2012) (*citing Fischer*, 525 F.3d at 981).

[77] First Amended Complaint at 12.

[78] Memorandum In Opposition to Partial Summary Judgment at 19; *see also* Whitmeyer Dep. 63:14-19, 88:4-25, 89:1-20.

[79] Memorandum In Opposition to Partial Summary Judgment at 7; *see also* Whitmeyer Dep. 88:4-25.

[80] Motion for Partial Summary Judgment at 29-30.

[81] *Id*.

[82] First Amended Complaint at 10-11.

**ORDER**

**IT IS HEREBY ORDERED** R & O's Motion for Partial Summary Judgment[83] is **GRANTED** against Whitmeyer on Whitmeyer's first, second, and third claims of failure to accommodate, hostile work environment and constructive discharge under the ADA.

Signed October 23, 2013.

BY THE COURT

_____
District Judge David Nuffer

---

[83] Docket no. 36.